# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

      v.                          Case No. 09-C-774

UNIVERSAL BRIXIUS, LLC,

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On August 11, 2009 the Equal Employment Opportunity Commission ("EEOC") filed a complaint alleging that Universal Brixius, LLC violated Title VII of the Civil Rights Act of 1964 by subjecting Jeanne Johnston ("Johnston") to disparate terms and conditions of employment and a hostile environment based upon her sex, and terminated her because of her sex. (Docket No. 1.) The following day, the plaintiff filed an amended complaint where the plaintiff corrected an apparent typo regarding the identity of the victim of this alleged discrimination and additionally sought the plaintiff's costs of the action. (Docket No. 2.)

Rather than filing an answer, the defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Nos. 8, 9.) The plaintiff has responded, (Docket No. 13), and the defendant has replied, (Docket No. 14). The pleadings on the defendant's motion to dismiss are closed and the matter is ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge. (Docket No. 11.)

A civil complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The Rule reflects a liberal notice pleading

regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." Brooks v. Ross, 578 F.3d 574, 2009 U.S. App. LEXIS 18711 (7th Cir. 2009) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

Recently, the Supreme Court has addressed the question of just how short and plain that statement may be. See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Seventh Circuit synthesized the recent holdings of the Court regarding the pleading standard set forth in Rule 8(a)(2) and stated:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

Brooks, 578 F.3d 574, 2009 U.S. App. LEXIS 18711, 15.

Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (quoting Twombly, 550 U.S. at 556, 557, 570) (internal citations and quotation marks omitted).

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

2

court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief.

Id. at 1950 (internal citations, brackets, and quotation marks omitted). A complaint is not insufficient merely because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotation marks omitted).

The defendant contends that the EEOC merely offers a formulaic recitation of the elements of a cause of action, and the complaint is devoid of any factual context sufficient to demonstrate anything more than a mere possibility that the plaintiff is entitled to relief. Thus, the defendant contends, the complaint is insufficient.

The plaintiff responds that it has satisfied the requisite pleading standard because it has presented a claim of employment discrimination that is plausible on its face. Further, it contends that in an employment discrimination case such as this, the standard by which the sufficiency of the pleadings must be judged is found in Swierkiewicz, 534 U.S. 506.

In Swierkiewicz, the Court rejected the requirement that a plaintiff's complaint must set forth a prima facie case of sex discrimination in order to be sufficient under Rule 8(a)(2). Id. at 515. But the Court also did not hold that a boilerplate recitation of the elements of sex discrimination claim would be sufficient to state a claim. The Court noted that the plaintiff's complaint

> easily satisfie[d] the requirements of Rule 8(a) because it gives respondent fair notice of the basis for petitioner's claims. Petitioner alleged that he had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA. His complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination.

Id. at 514 (internal citations omitted). The Court in Twombly affirmed Swierkiewicz as good law and rejected the contention that the standard it was articulating in Twombly was inconsistent with Swierkiewicz. Twombly, 550 U.S. at 569-70.

3

The substantive portion of the complaint states, in its entirety, as follows:

> 6. More than thirty days prior to the institution of this lawsuit, Jeanne Johnston ("Johnston") filed a charge with the Commission alleging violations of Title VII by Universal Brixius. All conditions precedent to the institution of this lawsuit have been fulfilled.
>
> 7. Since at least August, 2007, and continuing until on or about June 27, 2008, Universal Brixius has engaged in unlawful employment practices in violation of Section 701(k) and 703(a) of Title VII, 42 U.S.C. § 2000e(k) and § 2000e-2. Such practices included, but were not limited to
>
> a. Subjecting Jeanne Johnston ("Johnston") to different terms and conditions of employment than her male co-workers, including but not limited to denying her overtime, placing more onerous conditions on her vacation time, and instructing her male co-workers to avoid her because of her sex;
>
> b. Subjecting Johnston to a hostile work environment because of her sex though [sic] use of derogatory epithets for females;
>
> c. Terminating Johnston because of her sex, female.
>
> 8. The effect of the practices complained of in paragraph 7 above has been to deprive Johnston of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.
>
> 9. The unlawful employment practices complained of in paragraph 7 were intentional.
>
> 14. [sic] The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Jeanne Johnston.

(Docket No. 2 at 2-3.)

The plaintiff's complaint provides notice to the defendant of what is alleged. The plaintiff alleges that the defendant discriminated against a named employee due to her sex. The complaint goes beyond abstract recitations of the elements of a sex discrimination claim and provides specific factual allegations that suggest the plausibility of the plaintiff's claim. The plaintiff identifies the time period during which the discrimination allegedly occurred ("Since at least August, 2007, and continuing until on or about June 27, 2008"), and describes the nature of the discrimination ("including but not limited to denying her overtime, placing more onerous conditions on her vacation time, and instructing her male co-workers to avoid her because of her sex," "Subjecting

4

Johnston to a hostile work environment because of her sex though [sic] use of derogatory epithets for females," and "Terminating Johnston because of her sex, female.").

The defendant is correct that the plaintiff's complaint lacks certain factual allegations that must be proved to sustain a hostile work environment claim, such as factual allegations suggesting that the alleged derogatory comments were sufficiently severe or pervasive so as to rise to the level of constituting a hostile work environment. (See Docket No. 9 at 5-6.) But these additional factual allegations are unnecessary in a complaint. As Swierkiewicz made clear, a plaintiff is not required to set forth the elements of a prima facie case of sexual discrimination in a complaint. Twombly and Iqbal did not change this. Likewise, contrary to the defendant's assertion, the court finds no requirement that the plaintiff allege facts to suggest that the defendant acted as a result of her gender.

Rather, applying the plausibility standard articulated in Twombly and Iqbal, the court is faced with the question, if a female employee was denied overtime, restricted in her use of her vacation time, subjected to derogatory epithets, male employees were told to avoid her, and she was eventually terminated, all because of her sex, does this present a plausible claim of sex discrimination? To this court, the answer is clearly yes.

The amount of facts that must be alleged in a complaint to present a plausible claim will vary based upon the nature of the claim. Certain claims may require a relatively minimal factual recitation to present a plausible claim (e.g. a claim to recover on a contract for nonpayment) whereas others might require substantially more detailed factual allegations to demonstrate plausibility (e.g. an antitrust claim). In Twombly, the plaintiffs attempted to allege a violation of § 1 of the Sherman Act, 15 U.S.C. § 1. In Iqbal, the plaintiff attempted to defeat a claim of qualified immunity and demonstrate that high-ranking government officials violated the First and Fifth Amendments by approving a policy that allegedly harmed the plaintiff. The natures of the claims in

both these cases were such that they would necessarily require substantially more factually intensive pleadings than many more routine cases. Thus, courts must be cautious so as to not interpret Twombly and Iqbal as requiring detailed factual recitations for all complaints simply because more detailed factual allegations were required in those cases due to the nature of the claims alleged.

Most sex discrimination claims are relatively straightforward and do not require pages of facts to demonstrate plausibility. Analyzing the complaint in this case, it is the subparts to paragraph 7 that satisfy Twombly and Iqbal. Without them, the court would grant the defendant's motion to dismiss, because the complaint would then be merely a recitation of the elements of a sexual harassment claim. The subparts of paragraph 7 adequately flesh out the statutory recitation and render the complaint sufficient to raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. Therefore, the court shall deny the defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss, (Docket No. 8), is **denied**. The defendant shall answer the complaint within **20 days** of the date of this order.

Dated at Milwaukee, Wisconsin this 15th day of October 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
